## BILL KELLY v. THE STATE.

CRIMINAL LAW. *Judge's charge. Finding of jury.* Where the indictment contains two counts—the first for rape, the second for assault and battery with intent to commit a rape—it is not error for the court to tell the jury, if they find the defendant guilty of "rape," their verdict should be "guilty as charged in the first count, or guilty as charged in the indictment generally, as the first count included the offense charged in the second count." And if the jury return the following verdict—"they do say that the defendant is guilty as charged in the indictment; and the jurors aforesaid do further say, that the defendant for his offense aforesaid shall suffer death by hanging"—the verdict is good.

Cases cited: Bly v. The State, King's Dig., sec. 5066; Menly v. The State, 7 Maryland, 148; Bullock v. The State, 10 Georgia, 59; Arch. Cr. Pl., 30.

### FROM DAVIDSON.

Appeal from the Criminal Court. THOS. N. FRA-ZIER, Judge.

ATTORNEY GENERAL HEISKELL for the State.

No brief for Kelly.

NICHOLSON, C. J., delivered the opinion of the court.

Bill Kelly was tried and convicted of a rape on Sarah E. Moore, in the Criminal Court of Davidson county, and sentenced to death. He has appealed to this court.

The indictment contains two counts—one for rape, and the other for assault and battery with intent to commit a rape.

Kelly *v.* The State.

The Criminal Judge charged the jury: "Before the jury would be warranted in convicting the defendant of rape, as charged in the first count in the indictment, they should be fully satisfied of his guilt beyond any and all reasonable doubt. But if they are so satisfied of his guilt, their verdict should be 'guilty as charged in the first count,' or 'guilty as charged in the indictment generally,' as the first count includes the offense charged in the second count."

The jury returned the following verdict: "They do say that the defendant is guilty as charged in the indictment; and the jurors aforesaid do further say that the defendant, for his offense aforesaid, shall suffer death by hanging."

It is insisted that the Judge erred in his charge that if the jury were satisfied that the defendant was guilty of the rape it would be sufficient to find a general verdict of guilty, although there was a second count charging an assault and battery with intent to commit a rape.

It is obvious that the crime of rape charged in the first count includes the crime of an assault and battery with intent to commit a rape charged in the second count, and the defendant might well have been convicted of an assault and battery with intent to commit a rape on the first count for rape, without having a second count as to the assault and battery. It would be impossible for the jury to find the defendant guilty of rape without also finding that he made the assault and battery with intent to commit a rape. The true distinction seems to be, that where

distinct offenses, having no necessary connection, are charged in separate counts, a general verdict of guilty would constitute such error as would be sufficient for arresting the judgment. Such, we suppose, was the case of *Bly* v. *The State*, referred to in King's Dig., sec. 5066, as a MS. case at Brownsville, April term, 1868. But where the indictment charges two distinct offenses in different counts, growing out of and being connected with the same transaction, one offense being punished differently from the other, then a general verdict of guilty refers to the higher offense charged. *Menly* v. *The State*, 7 Maryland R., 148; *Bullock* v. *The State*, 10 Ga. R., 59. The rule is laid down in the latter case as follows: "As a general rule of criminal pleading, a defendant cannot be charged with distinct offenses in the same indictment; as, for instance, larceny in one count and perjury in another, for the reason that it would materially embarrass him in his defense; but the same offense, that is to say, the same *species* of the offense, may be charged in different ways in several counts, in order to meet the evidence." Arch. Cr. Pl., 30. And further: "On the trial of an indictment containing two counts, both being good, the presumption of the law is, that the jury intended to find him guilty of the highest grade of the offense charged in the indictment."

In the present case, the jury have not only returned a general verdict of guilty, but, by way of showing that they intended to find him guilty on the first count, they indicate the punishment which alone attaches to the offense charged in the first count.

We are, therefore, of opinion that there was no error in the charge of the court, nor in refusing to arrest the judgment upon the ground that the verdict was general.

We do not think there was any error in the admission of the declarations of the woman on whom the rape was committed; nor is there any doubt as to the guilt of the defendant. The proof is full and conclusive, showing a case of unquestionable guilt. We are therefore of opinion that the defendant has been properly convicted, and we affirm the judgment.